UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William Von Long, ) | C/A No. 4:08-0040-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Tom Fox; ) | |
| Rodney Jordan; ) | |
| Elizabeth Mclean; ) | |
| J. Olden; ) | |
| L. P. Groelinger; and ) | |
| M. Elliott, ) | |
| ) | |
| Defendants. ) | |

### I.  PROCEDURAL BACKGROUND

The plaintiff, William Von Long, filed this action under 42 U.S.C. § 1983[1] on January 8, 2008, alleging violations of his constitutional rights. During the time of the matters alleged in his complaint, plaintiff was housed at the J. Reuben Long Detention Center (JRLDC). Plaintiff is currently incarcerated at the Lieber Correctional Institution based on the last change of address filed with the court. (Doc. # 35). Defendants filed a motion for summary judgment on October 13, 2008,

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

along with a memorandum and exhibits in support of said motion. (Document #21). Because plaintiff is proceeding pro se, he was advised on or about October 14, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment could result in the dismissal of his complaint. The plaintiff filed a response to the motion for summary judgment on November 4, 2008. (Doc.# 28). Defendants filed a reply on November 10, 2008.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that defendants subjected him to excessive force and a denial of medical treatment. (Complaint). Plaintiff requests that the Court "clear my record of all charges filed against me, and award me for being physically and mentally assaulted by the staff here" at JRLDC. Plaintiff also requests charges against medical and staff for denying him medical treatment. (See Complaint p. 5).

Defendants assert that on Aril 15, 2007, plaintiff punched Defendant Corporal Elizabeth McLean and spit on Lance Corporal Rodney Jordan. In response, defendants assert that prison officials were required to use force against plaintiff to restrain him and to restore order. Defendants contend that plaintiff only suffered minor scrapes to his elbow from the use of force and that these scrapes were immediately treated. Defendants state that plaintiff was charged with assault on an officer and throwing bodily fluids on an officer. Defendants submitted affidavits and medical records and argue that the action should also be dismissed in that plaintiff failed to exhaust his administrative remedies.

### B.  STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.   If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of

law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323. [2]

### D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and has moved for summary judgment on that basis as well as on the merits of the allegations. Defendants submitted the affidavit of Joey Long ("Long"), the Deputy Director of JRLDC. Long attests that the JRLDC maintains in its ordinary course of business files of inmate grievances, and a review of these files reveals that plaintiff did not file a grievance relating to an excessive use of force or for the failure to provide medical care on or around April 15, 2007. Defendants assert that plaintiff did not exhaust his available and known grievance procedures concerning his alleged complaints. Accordingly, defendants request that the complaint be dismissed for plaintiff's failure to comply with the mandates of the PLRA.

Plaintiff filed a one page response to the motion for summary judgment but did not respond to the argument that he failed to exhaust administrative remedies. Plaintiff only asserts that the alleged incident was captured on "computer memory." (Doc. #28). However, plaintiff does not assert that he filed grievances or exhausted his administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner[3] exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42

---

[2] It appears from the pleadings that plaintiff was a pretrial detainee while at JRLDC. Allegations of deprivations regarding pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987).

[3] A "prisoner", is defined to mean, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees such as the plaintiff here.

U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on the evidence presented, it is recommended that defendants' motion for summary judgment (doc. #21) be granted for failure to exhaust administrative remedies.[4]

---

[4] In the alternative, it is recommended that this complaint be dismissed in that plaintiff has failed to allege with specificity an injury and/or show that he suffered physical injury as a result of his allegations. Plaintiff alleges that he was kicked in the back of the head, facial area, and neck and was "tazed" by the officers. Plaintiff further alleges he was denied medical attention and requests an "award for being physically and mentally assaulted by the staff." (Complaint p.5). It appears from the evidence submitted that plaintiff was seen by Nurse Rhonda Hasan for head and arm pain. It was noted that he had three small scrapes located near his elbow which were cleaned but no dressing was needed. (See Medical records submitted by defendants). At most, his injuries were de

## III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion for summary judgment (document #21) be GRANTED and this claim dismissed.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 3, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

minimis. To survive summary judgment, the plaintiff must show more than de minimis pain or injury. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir., cert. denied, 510 U.S.949 (1993)).  The plaintiff must produce evidence of serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment on prison conditions claim. Id. at 1380-1381. Plaintiff has failed to meet this burden. Accordingly, it is recommended that this action be dismissed.