UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| William Von Long, | ) | Civil Action No.: 4:08-cv-00040-RBH |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Tom Fox, Rodney Jordan, | ) | |
| Elizabeth McLean, J. Olden, | ) | |
| L.P. Groelinger, M. Elliott, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pending before the court is [Docket Entry #21] motion for summary judgment filed by the defendants. This matter is before the court with the Report and Recommendation [Docket Entry #36] of Magistrate Judge Thomas E. Rogers filed on June 3, 3009.[1] The Magistrate Judge recommended that the defendants' motion for summary judgment be granted because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e. Alternatively, the Magistrate Judge recommended that summary judgment be granted because the Plaintiff failed to allege with specificity an injury and/or show that he suffered physical injury as a result of his allegations.

Plaintiff timely filed objections to the Magistrate Judge's Report on June 23, 2009.

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(d) and (e).

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

Plaintiff alleges that, following and during the course of an altercation with prison guards at the J. Reuben Long Detention Center on April 15, 2007, he was subjected to excessive force and denied medical treatment. Defendants deny the allegations and also argue that the case should be dismissed because Plaintiff failed to exhaust his administrative remedies.

After reviewing the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Plaintiff's objections and finds that

they are without merit. Plaintiff admits in his objections that he did not file a grievance related to the excessive force or denial of medical care claims raised in his complaint. Plaintiff, however, contends that he has filed grievances in the past regarding other matters to which he never received a response.

Title 42 U.S.C. § 1997e(a) requires a prisoner to exhaust administrative remedies before bringing an action under § 1983. Exhaustion pursuant to § 1997e is mandatory and courts have no discretion to waive the requirement. *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 814 (D..S.C. 2008). "Even where exhaustion may be considered futile or inadequate, this requirement cannot be waived." *Johnson*, 567 F. Supp. 2d at 814. Because Plaintiff has not established that he exhausted the available administrative remedies as required by the PLRA, this case is due to be dismissed.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #36] of the Magistrate Judge. Defendants' [Docket Entry #21] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

June 29, 2009                                                            s/ R. Bryan Harwell
Florence, SC                                                             R. Bryan Harwell
                                                                         United States District Judge